STATE *vs.* SAMUEL E. GROVES.
STATE *vs.* ORVILLE E. STONE.
STATE *vs.* WILLIAM M. CUTTING.
STATE *vs.* GEORGE H. HUNTER.

A statute forbidding and punishing the sale of adulterated milk provided: "In all prosecutions under this act, if the milk shall be shown upon analysis to contain more than 88 per cent. of watery fluids, or to contain less than 12 per cent. of milk solids, or less than 2½ per cent. of milk fats, it shall be deemed for the purpose of this act to be adulterated."
*Held*, that the provisions were constitutional.

CONSTITUTIONAL questions certified to the Supreme Court under Pub. Stat. R. I. cap. 220, §§ 1–9.

*December* 31, 1885. Per CURIAM. These cases come before us upon a constitutional question certified to this court under Pub. Stat. R. I. cap. 220, § 2, from the Justice Court of the city of Providence. They are complaints, each of which charges that the defendant " did, at said Providence, have in his possession, with intent to sell in said Providence, adulterated milk, in this, that said milk being in said [defendant's] possession [naming him], with intent to sell as aforesaid, did then and there contain more than eighty-eight per centum of watery fluids, and less than twelve per centum of milk solids, as shown by analysis of said milk," etc. The question arises under Pub. Stat. R. I. cap. 127, as amended by Pub. Laws R. I. cap. 276, § 3, of March 23, 1882, which is as follows : " In all prosecutions under this act, if the milk shall be shown upon analysis to contain more than eighty-eight per centum of

watery fluids, or to contain less than twelve per centum of milk solids, or less than two and one half per centum of milk fats, it shall be deemed for the purpose of this act to be adulterated."

The argument is that this section is unconstitutional because it virtually confines the testimony to the analysis of the samples taken by the inspector, which samples are destroyed in the making of the analysis, so that the testimony cannot be controverted.

The court is of the opinion, however, that the testimony, though it may not always be practicable to controvert it directly by another analysis, can be controverted by evidence of collateral facts going to prove that the analysis is incorrect, and, therefore, that the act is not unconstitutional for the reason alleged.

The cases are remanded to the Justice Court of Providence for sentence.                                    *Order accordingly.*

*Stephen A. Cooke, Jun.*, for plaintiff.
*William G. Roelker*, for defendants.

NOTE. — See *State* v. *Smith*, 14 R. I. 100.